UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
ATHANASIA SGOURIS,

        Plaintiff,

        -against-

NELSON, WATSON & ASSOCIATES, LLC
and DOES 1-10,

        Defendants.
------------------------------------------------------------x

Civil Action No.: _____

**COMPLAINT**

Plaintiff, ATHANASIA SGOURIS, by her undersigned counsel, complaining of the Defendants, states as follows:

## JURISDICTION

1. Plaintiff brings this action seeking redress on account of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA" or the "Act").

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Supplemental jurisdiction should be exercised pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff, Athanasia Sgouris ("Sgouris"), is an adult individual residing in Stamford, Connecticut. With respect to the transactions underlying this Complaint, Plaintiff is a

"consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Nelson, Watson & Associates, LLC ("NWA"), is a Massachusetts limited liability company with a principal place of business at 80 Merrimack Street, Haverhill, Massachusetts 01830. NWA operates as a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by NWA and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once his identities are disclosed through discovery.

8. NWA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is alleged to have incurred a financial obligation (the "Debt") which arose from services provided or goods sold by a Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was thereafter purchased, assigned or transferred to NWA for collection, or NWA was employed to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a (2).

12. Among other things, NWA communicated to Sgouris that failure to satisfy the Debt could result in "criminal penalties."

13. Sgouris has suffered and continues to suffer actual damages as a result of the Defendants' unlawful tactics.

14. As a direct consequence of Defendants' acts, practices and conduct, the Plaintiff

2

suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendants' conduct 15 U.S.C. § 1692e(4) in that the Defendants falsely and deceptively represented or implied that non-payment of the Debt would result in Plaintiff's arrest or imprisonment.

17. The Defendants' conduct 15 U.S.C. § 1692e(5) in that the Defendants threatened to take actions that could not legally be taken and that were not intended to be taken.

18. The Defendants' conduct 15 U.S.C. § 1692e(7) in that the Defendants falsely and deceptively represented or implied, in order to disgrace the Plaintiff, that Plaintiff committed a crime.

19. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

20. By virtue of the foregoing, Plaintiff is entitled to recover damages under the FDCPA consisting of statutory damages, actual damages in such amount as is determined by the Court, costs, attorneys' fees and such other and further relief as to the Court may seem just and proper.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT
## UNFAIR TRADE PRACTICES ACT,
## Conn. Gen. Stat. § 42-110a, *et seq.*

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendant is a "person" within the meaning of Conn. Gen. Stat. § 42-110a(3).

23.     The acts, practices and conduct engaged in by the Defendants and described in this Complaint constitute unfair and deceptive acts and practices in the conduct of Defendants' trade, in violation of Conn. Gen. Stat. § 42-110b(a).

24. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: Stamford, Connecticut
September 8, 2009

LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiff*

By: _____
Sergei Lemberg
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
slemberg@lemberglaw.com